UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRICK ALFRED WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-cv-02010-RWS |
| ) | |
| UNITED STATES, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion filed by movant Terrick Alfred Williams that has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive, and movant has not received authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Therefore, for the reasons discussed below, the Court will summarily deny and dismiss the motion without further proceedings.

**Background**

On October 10, 1996, a jury convicted movant of two counts of carjacking, two counts of being a felon in possession of a firearm, and two counts of using a firearm during a crime of violence. *United States v. Williams*, No. 4:96-cr-187-RWS-1 (E.D. Mo.). On January 8, 1997, movant was sentenced to an aggregate term of 450 months' imprisonment. He filed a notice of appeal on January 17, 1997. Thereafter, the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. *United States v. Williams*, 136 F.3d 547, 549 (8th Cir. 1998).

Movant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 3, 2000. *Williams v. United States*, 4:00-cv-386-RWS (E.D. Mo.). On January

21, 2005, the Court denied movant's amended § 2255 motion. However, the Court did issue a certificate of appealability on Ground 1. Movant filed a notice of appeal. On June 27, 2006, the Eighth Circuit Court of Appeals affirmed the Court's denial of movant's § 2255 motion. *Williams v. United States*, 452 F.3d 1009, 1010 (8th Cir. 2006).

Movant filed a second § 2255 motion on January 8, 2016, seeking relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Williams v. United States*, No. 4:16-cv-33-RWS (E.D. Mo.). The Court determined that movant's motion was a second or successive motion, and that movant had not received certification from the Eighth Circuit Court of Appeals. Therefore, on January 12, 2016, the Court denied movant's motion. However, the Court transferred the matter to the Eighth Circuit because movant had stated a tenable claim under *Johnson*. On October 13, 2016, the Eighth Circuit Court of Appeals denied movant's petition for authorization to file a successive § 2255 motion. *Williams v. United States*, No. 16-1153 (8th Cir. 2016).

Movant filed a third § 2255 motion on June 24, 2016, which also sought relief under *Johnson*. *Williams v. United States*, No. 4:16-cv-989-RWS (E.D. Mo.). The Court denied the motion on July 12, 2016. In so doing, the Court noted that movant's motion was successive, and that he had not obtained authorization from the Eighth Circuit Court of Appeals to file a successive motion. On September 6, 2018, the Eighth Circuit denied movant's petition for authorization to file a successive habeas application. *Williams v. United States*, No. 18-2062 (8th Cir. 2018). The Eighth Circuit denied another petition for authorization to file a successive § 2255 motion on December 10, 2018. *Williams v. United States*, No. 18-2854 (8th Cir. 2018).

Movant filed the instant motion on July 8, 2019. (Docket No. 1). In the motion, movant seeks to have his sentences vacated pursuant to the Supreme Court's ruling in *Davis v. United States*, 139 S.Ct. 2319 (2019), which determined that the residual clause of 18 U.S.C. §

924(c)(3)(B) was unconstitutional. The Court construed movant's motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## Discussion

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court shall dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, it plainly appears that movant is not entitled to relief because he has filed prior § 2255 motions, making the instant motion successive.

### A. Successiveness

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive

habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

As noted above, movant has filed three prior motions pursuant to § 2255. The first was denied on the merits; the second and third were both denied as successive. Therefore, the instant motion is also successive. Movant has not sought certification from the Eighth Circuit Court of Appeals to bring the motion in this Court. Absent certification, the Court lacks authority under § 2255 to grant movant's requested relief. For this reason, movant's § 2255 motion must be denied and dismissed.

### B. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 12th day of November, 2019.

                                                      RODNEY W. SIPPEL
                                                      UNITED STATES DISTRICT JUDGE